IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**STEPHEN K. HARRIS,**

        Petitioner,

v.                                                            **Civil Action No. 5:21-CV-52**
                                                                     Judge Bailey

**R.M. WOLFE,** Warden,

        Respondent.

## ORDER RE-ADOPTING REPORT AND RECOMMENDATION

On June 13, 2023, the United States Court of Appeals for the Fourth Circuit entered an order vacating this Court's October 5, 2021 Order and remanding for this Court to decide whether petitioner's objections were timely filed. The Fourth Circuit also stated that if this Court finds that petitioner's objections were timely filed, then this Court should review the magistrate judge's report and recommendation in light of petitioner's objections. The Fourth Circuit also stated they express no opinion on the merits of petitioner's claims.

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. ***Thomas v. Arn***, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C.

§ 636(b)(1) waives the right to raise those objections at the appellate court level. *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984). Petitioner filed objections to the report and recommendation on October 7, 2021.[1] *See* [Doc. 21].

Petitioner asserts two (2) objections. First, petitioner states that the amended judgment is invalid and unenforceable. Second, petitioner states Magistrate Judge Mazzone incorrectly interpreted *Murray v. Stephenson*, 633 A.2d 48, 49–50 (D.C. 1993). Ultimately, petitioner asserts that the Bureau of Prisons and Magistrate Judge Mazzone have failed to accord him the good time credits to which the D.C. Emergency Amendment Act of 2020 directed he be given. Petitioner states these good time credits make him immediately eligible for parole.

A party waives any objection to an R&R that lacks adequate specificity. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." *Mario*, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.*; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

Petitioner is essentially re-arguing what he asserted in his petition. This Court agrees with Magistrate Judge Mazzone and his interpretation of *Murray v. Stephenson*,

---

[1] This Court assumes, for purposes of remand, that the objections were timely filed.

633 A.2d 48 (D.C. 1993). Petitioner was sentenced in the Superior Court for the District of Columbia to a 58 years to 174 years aggregate term of imprisonment for the D.C. Code offenses. The sentence included a mandatory minimum term of 5 years each for Counts B–F and H, to run consecutive to one another for an aggregate mandatory minimum term of 30 years. As calculated by the Bureau of Prisons Designation and Computation Center, petitioner's parole eligibility date is currently October 11, 2037. Petitioner is scheduled to be released from BOP custody, via mandatory parole, on July 22, 2108.

Although petitioner is technically correct that he has served in excess of his mandatory minimum with the award of 1,620 days of credit under D.C. Statute 24-203.01a(b)(1), that does not make him eligible for parole. Petitioner was sentenced to an indeterminate sentence of 58 to 174 years, which is a sentence of imprisonment to a specified minimum and maximum period of time, specifically authorized by statute, subject to termination by a parole board or other authorized agency after he has served his minimum term, not the mandatory term. Petitioner will not have served his minimum term minus all possible good time until October 11, 2037, the first date he will be eligible for release.

Even if this Court agreed with petitioner that he should immediately be eligible for parole, "courts are without power to grant a parole or to judicially determine eligibility for parole. . . ." **Brest v. Ciccone**, 371 F.2d 981, 982–83 (8th Cir. 1967) (citing **Cagle v. Harris**, 349 F.2d 404, 405 (8th Cir. 1965)) (citation omitted). "It is the Commission, not the Court, which has the 'power to grant a parole or to judicially determine eligibility for parole.'"

*Darden v. U.S. Parole Comm'n*, 61 F.Supp.3d 68, 73 (D.D.C. 2014) (quoting *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 944 (2d Cir. 1976) (citing *Brest*, 371 F.2d at 982–83)).

Thus, after a *de novo* review of the record and petitioner's objections specifically, this Court finds that Magistrate Judge Mazzone's report accurately summarizes this case and applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 17**] is **RE-ADOPTED** and petitioner's Objections [**Doc. 21**] are **OVERRULED**. Respondent's Motion to Dismiss or, in the alternative, Motion for Summary Judgment [**Doc. 11**] is **GRANTED** and petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] is **DENIED** and **DISMISSED WITH PREJUDICE**. Furthermore, petitioner's Motion Requesting an Evidentiary Hearing [**Doc. 16**] is hereby **DENIED AS MOOT**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

DATED: June *14*, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE